UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE BERNARD,<br><br>　　　　　Defendant. | No. 2:23-cv-02268-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Because the undersigned finds that the court lacks subject matter jurisdiction over this action, the undersigned recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed in forma pauperis in this court be denied as moot. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case).

////

////

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

    **i.**    **Subject Matter Jurisdiction and Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

### ii. Federal Notice Pleading and a Complaint's Failure to State a Claim

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

3

**<u>Analysis</u>**

Plaintiff alleges defendant George Bernard is "in collusion to defraud Plaintiff out of his home" and that defendant is liable for breach of contract. (ECF No. 1 at 1.) Plaintiff rented a room from defendant. (<u>Id.</u> at 1.) Defendant allegedly agreed that utilities would be shared by other renters. (<u>Id.</u>) However, when the other renters moved out of the property, plaintiff was stuck with the bills. (<u>Id.</u> at 1-2.) Defendant subsequently sought to evict plaintiff. (<u>Id.</u> at 2.) (<u>See also</u> <u>id.</u> at 1, citing 23-UD-04039 and 4-6, corresponding Eviction Notice and Notice of Time and Trial.) Because the gravamen of plaintiff's complaint concerns ongoing state proceedings, this case is barred by the doctrine of <u>Younger</u> abstention, which prohibits a federal court's interference with an ongoing state court case where the "pending state proceeding that implicates important state interests and provides the federal plaintiff with an opportunity to raise federal claims." <u>Baffert v. California Horse Racing Bd.</u>, 332 F.3d 613, 617 (9th Cir. 2003).[3] Accordingly, the undersigned lacks jurisdiction over the claims alleged in plaintiff's complaint.

Plaintiff cites to 18 U.S.C. § 242 as a basis for his claims. (ECF No. 1 at 1.) Section 242 prohibits individuals acting under color of law from engaging in pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured or protected by United States Constitution or laws. It does not, however, provide a private right of action. <u>Uziel v. Superior Ct. of Cal.</u>, 857 Fed. App'x 405, 406 (9th Cir. 2021) (holding that 18 U.S.C. § 242 does not provide a private right of action (ECF No. 1 at 1, citing 18 U.S.C. § 242). Accordingly, to the extent plaintiff's complaint is based on 18 U.S.C. § 242, such claims are legally frivolous.

For these reasons, plaintiff's complaint should be dismissed. Because the jurisdictional defects in the complaint are inherent to the gravamen of the complaint, they are not defects that can be cured by the pleading of additional facts. Thus, amendment would be futile and should not be granted. <u>See</u> <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) (leave to amend may be denied when amendment would be futile).

////

---

[3] The undersigned notes that the essential facts of this case, i.e., plaintiff's eviction, are the same as those alleged in Case No. 2:23-CV-2165-KJM-KJN.

**FINDINGS AND RECOMMENDATIONS**

It is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT; and

3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 5, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pede.2268

5